UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| MSD ENERGY, INC. AND STEPHEN SMITH, INC. Plaintiffs, v. RICHARD J. GOGNAT; TIMOTHY A. GOGNAT; ROY KNAPPE, JR.; AND GLOBAL GEODATA, LLC Defendants. | CIVIL ACTION NO. 1:08–CV–1288–RPM–KLM |
|---|---|

**AGREED PROTECTIVE ORDER**

Plaintiffs MSD Energy, Inc. and Stephen Smith, Inc. ("Plaintiffs") served subpoenas for the production of documents on Non-Parties Hallador Petroleum Company ("Hallador"), KonaMoki Exploration, LLC ("KonaMoki"), and Badger Exploration, LLC ("Badger") (collectively the "Non-Parties"). The Non-Parties objected to the subpoenas asserting that the requests therein were overly broad, unduly burdensome, sought documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, sought production of documents from a non-party that could be obtained from parties to the captioned case, sought production of documents that are publicly available, and sought production of documents containing confidential proprietary, trade secret or business information of the Non-Parties as well as confidential proprietary, trade secret or business information of other third-parties.

In an attempt to limit litigation over discovery issues, the Non-Parties, subject to their objections, are willing to produce certain categories of the requested documents. However, pursuant to the requests in the Non-Party subpoenas, there may be disclosure of certain information and documents deemed by the Non-Parties to be confidential or contain confidential

AGREED PROTECTIVE ORDER

trade-secret information. In order to proceed in an expeditious and productive manner, and to protect the confidentiality of documents and information, the parties to this agreement have agreed to the entry of this protective order. This agreed protective order is intended to apply only to documents produced by the above referenced Non-Parties and does not apply to documents obtained from any other persons or source including parties to this litigation and other nonparties.

IT IS HEREBY ORDERED THAT:

1. All Confidential Information, Highly Confidential Information or Attorneys' Eyes Only information produced or exchanged in the course of the above-referenced litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" by the Non-Parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," the Non-Parties will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be "Confidential." Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons unless otherwise agreed to in writing by the parties hereto or by order of the Court.

3. Documents produced in this action may be designated by any Non-Party as "Confidential" by marking at least the first page of the document(s) so designated with a stamp stating "Confidential."

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

4. Some documents that may be produced may contain highly confidential trade secret information or other commercially sensitive or proprietary information not heretofore publicly disclosed. Access to this "Highly Confidential" or "Attorneys' Eyes Only" information shall be restricted to Qualified Persons described in Paragraphs 5(a)-(f) in this Order.

(a) Any Highly Confidential Information or Attorneys' Eyes Only information produced by the Non-Parties may be designated as "Highly Confidential" or "Attorneys' Eyes

Only" by marking the first page of the document(s) so designated with a stamp stating "Highly Confidential" or "Attorneys' Eyes Only." One of these designations shall be affixed to any document produced by the Non-Parties which mentions, discusses, or comments upon any Highly Confidential Information. In lieu of marking the original of a document, if the original is not produced, the designating person may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

(b)     Any Highly Confidential Information or Attorneys' Eyes Only information produced on magnetic disks or other computer-related media may be designated as such by labeling the disk "Highly Confidential" or "Attorneys' Eyes Only" before production. In the event anyone other than the producer generates a "hard copy" or printout from any disk so designated, each page of the hard copy or printout must be immediately stamped as "Highly Confidential" or "Attorneys' Eyes Only" and treated as such pursuant to the terms of this Protective Order.

(c)     Any Highly Confidential Information Attorneys' Eyes Only information that is not reduced to documentary, tangible, or physical form, and that is otherwise not readily designated as "Highly Confidential" or "Attorneys' Eyes Only" pursuant to the preceding two paragraphs, may be designated "Highly Confidential" or "Attorneys' Eyes Only" by informing counsel for the parties in writing that it is "Highly Confidential" or "Attorneys' Eyes Only."

(d)     All documents or information designated as "Highly Confidential" or "Attorneys' Eyes Only", and copies thereof, shall not be used, shown, disseminated, paraphrased, summarized, copied or in any way communicated to any person, other than as provided for herein.

(f)     "Highly Confidential" or "Attorneys' Eyes Only" information shall not be shown, summarized, paraphrased, discussed or in any other way disseminated to the parties to this litigation, any third person or other non-party to the litigation, or any persons formerly or currently employed by, or affiliated with, business entities with which the parties to this litigation, any third person, or any non-party to the litigation has, or had, any association or affiliation except as described in Paragraphs 5(a)-(f) in this Order.

5.     "Qualified Persons," as used herein means:

(a)     Attorneys of record for the parties in this litigation and such attorneys' employees and agents after the attorneys execute a document in the form of Exhibit B;

(b)     Actual or potential independent technical experts or consultants, who, prior to any disclosure of "Confidential Information," "Highly Confidential Information," or "Attorneys' Eyes Only" information to such persons, have signed a document in the form of Exhibit A attached hereto (such signed document to be procured by, and a copy retained in the office of, counsel for the retaining or consulting party);

(c)     Any court reporter, typist, videographer, or other person involved in recording deposition testimony in this litigation by any means and acting in that capacity;

(d) The Court (and any appellate court) and any persons employed by the Court whose duties require access to the Confidential Information, Highly Confidential Information or Attorneys' Eyes Only information;

(e) Any other persons designated as a Qualified Person by order of this Court, after notice and hearing to the Non-Parties;

(f) Any other persons designated as a Qualified Person by written agreement of the Non-Parties and who have signed a document in the form of Exhibit C attached hereto before the disclosure of any Confidential Information, Highly Confidential Information or Attorneys' Eyes Only information (such signed document to be procured by, and a copy retained in the office of, counsel for the retaining or consulting party);

(g) The person(s) (including third parties) who produced the particular Confidential Information, Highly Confidential Information or Attorneys' Eyes Only information in question, and any officer, employee, or agent of such producer; and

(h) The parties, and their respective officers, directors, employees, agents, representatives, and employers who are engaged in assisting counsel of record in the prosecution or defense of this lawsuit and who have signed a document in the form of Exhibit C attached hereto before the disclosure of any Confidential Information (such signed document to be procured by, and a copy retained in the office of, counsel for the retaining or consulting party).

6. Prior to providing Highly Confidential Information or Attorneys' Eyes Only information to any actual or potential independent technical experts or consultants that have signed a document in the form of Exhibit A attached hereto, counsel intending to provide such documents shall (a) provide the name of the expert and/or consultant and their staff members in writing to counsel for the Non-Parties, and (b) obtain express written authority from counsel for the Non-Parties for disclosure to that particular expert or consultant.

7. Highly Confidential Information or Attorneys' Eyes Only information shall not be used in any depositions, hearings, or in the trial of this action, without written permission from counsel for the Non-Parties or Order from the Court.

8. Confidential Information, Highly Confidential Information, and Attorneys' Eyes Only information shall not be used for any purpose other than for this litigation. Under no circumstances shall Highly Confidential Information or Attorneys' Eyes Only information be sold, offered for sale, advertised or used for any business purpose.

9. "Confidential," "Highly Confidential" or "Attorneys' Eyes Only" information discussed during the course of any deposition shall maintain its status. The court reporter shall separately transcribe portions of any deposition testimony regarding Confidential, Highly Confidential, or Attorneys' Eyes Only information and shall mark the face of the transcript with the words "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only." Portions of the testimony may be designated "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" on the record at the time testimony is given. Alternatively, portions of

testimony many be designated "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Protective Order within 21 days after a transcript is received by counsel for the Non-Parties. Portions of any testimony designated as "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" shall be so marked in all existing and subsequently produced copies of the transcript. If a deposition transcript contains, or is anticipated to contain, a significant amount of "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" Information via testimony or documents, the parties and Non-Parties may, by agreement, designate the transcript "Confidential Information," "Highly Confidential" or "Attorneys' Eyes Only" in its entirety. The parties must provide a copy of the transcript of any deposition using Confidential Information, Highly Confidential Information or Attorneys' Eyes Only information to counsel for the Non-Parties within 15 days of the receipt of the transcript.

10.   Documents produced prior to entry of this order or unintentionally produced without a designation of "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" shall not be deemed to waive any claim of confidentiality as to such material. These materials may be retroactively designated by notice in writing:

(a)   within 30 days of entry of this order *if* produced previous to the entry, or

(b)   as soon as practicable after the error is discovered by the producing party.

Upon receipt of properly marked, substituted materials, the receiving party shall return the related unmarked materials and shall not retain, and shall take reasonable steps to ensure that others do not retain, copies thereof.

11.   Nothing herein shall prevent disclosure beyond the terms of this Order if the designating party consents to such disclosure in writing or if the Court, after notice to all affected parties, orders such disclosure.

12.   In the event that counsel for any party wants to file with the Court any pleadings, motions, affidavits, briefs, exhibits or other papers which contain Confidential Information, such papers shall be filed under seal in a sealed envelope labeled with the caption, the title or a description of the document, and a statement substantially in the following form shall be endorsed on the cover:

## "CONFIDENTIAL—SUBJECT TO COURT ORDER"

In the event that counsel for any party wants to file with the Court any pleadings, motions, affidavits, briefs, exhibits or other papers which contain "Highly Confidential" or "Attorneys' Eyes Only information, the documents at issue shall be filed, if at all, *in camera* for the Court's review and resolution.

In the event that any Highly Confidential or Attorneys' Eyes Only information is used in any Court proceeding in this action, and not filed *in camera*, it shall not lose its designated status through such use.

In the event that a party wishes to use any "Highly Confidential" or "Attorneys' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed with the Court, it shall notify the designating party in writing which documents shall be used in such fashion at least 15 business days before doing so.

13.  The parties to this agreement may, by written stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Agreed Protective Order.

14.  All recipients of Confidential Information, Highly Confidential Information or Attorneys' Eyes Only information shall certify in writing that they have complied with the provision of this paragraph. The attorneys of record of the parties to the litigation or the party receiving information protected under this Order shall inform the Non-Parties of the conclusion of the litigation within 30 days of the conclusion. The final conclusion of this litigation shall be deemed to have occurred upon (i) the date following the entry of judgment after which, by lapse of time or otherwise, such judgment shall no longer be subject to review by or appeal to any court, or (ii) upon voluntary discontinuance thereof. Within 30 days after the conclusion of this litigation and any appeal thereof, all documents, copies, summaries, extracts and other papers containing information protected by this Order that are in the possession of any Qualified Persons, including the parties to the litigation and all attorneys, shall be returned to counsel for the Non-Parties or destroyed, except as this Court may otherwise order or to the extent such information was used as evidence at the trial or any hearing (including temporary injunction hearing). As far as the provisions of this Order restrict the communication and use of the documents produced, such Order shall continue to be binding after the conclusion of the litigation, except that a party may seek the written permission of the producing party or order from the Court with respect to the dissolution or modification of such protective orders.

15.  All Highly Confidential Information or Attorneys' Eyes Only information produced by the Non-Parties, as well as all notes, lists, memoranda, identification or indices relating to such documents or information, including those prepared by attorneys, consultants, experts, or any other person, firm or corporation to whom such Highly Confidential Information or Attorneys' Eyes Only information has been disclosed shall remain subject to this Protective Order after the final conclusion of this litigation and continue in full force and effect. This Court retains and shall have jurisdiction over the parties and recipients for enforcement of the provisions of this Order.

16.  In rendering advice and otherwise communicating with their clients with respect to this litigation, no attorney shall disclose the specific contents of any Highly Confidential Information or Attorneys' Eyes Only information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

17.  The parties shall take reasonable steps to ensure that each person they designate as a Qualified Person observes the terms of this Protective Order.

18. Nothing contained herein shall be construed as preventing the Plaintiffs from challenging any designation by the Non-Parties of materials as "Confidential", "Highly Confidential" or "Attorneys' Eyes Only" information. In the event of such a challenge the burden shall be on the Non-Parties to establish that the designation is appropriate.

This Protective Order shall be in effect until further order of this Court.

SIGNED ON THIS _5TH_ DAY OF _August_, 2008.

_____
~~Judge Presiding~~

**KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO**

APPROVED AND AGREED:

By: _____
John Lange
Attorney for Plaintiffs

THOMPSON & KNIGHT, LLP

By: _____ w/ approval from Greg Curry
Greg Curry
Attorney for the Non-Parties

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| MSD ENERGY, INC. AND STEPHEN SMITH, INC. <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD J. GOGNAT; TIMOTHY A. GOGNAT; ROY KNAPPE, JR.; AND GLOBAL GEODATA, LLC <br><br> Defendants. | CIVIL ACTION NO. 1:08–CV–1288–RPM–KLM |

<u>**Exhibit A**</u>

**IT IS HEREBY AGREED THAT:**

1. I have read and am familiar with the *Agreed Protective Order* in Civil Action No. 1:08-cv-1288-RPM-KLM in the District of Colorado to which this document is attached as Exhibit A. I hereby agree to abide by all the terms of that Order and not to reveal or communicate any portion of any Highly Confidential Information or Attorneys' Eyes Only information to anyone except in accordance with the terms of the Order.

2. I also agree to be subject to the jurisdiction of the District of Colorado for purposes of any proceeding or action to enforce the Order.

3. I further agree to deliver to the counsel of record who has consulted or engaged me in this action, not later than thirty days after the termination of this litigation, all copies of

any such Highly Confidential Information or Attorneys' Eyes Only information pursuant to the above-referenced Order, along with all extracts and summaries of the matters contained therein.

DATED: this _____ day of _____, 2008.

SIGNED: _____.

For: _____.

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| MSD ENERGY, INC. AND STEPHEN SMITH, INC.<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD J. GOGNAT; TIMOTHY A. GOGNAT; ROY KNAPPE, JR.; AND GLOBAL GEODATA, LLC<br><br>Defendants. | CIVIL ACTION NO. 1:08–CV–1288–RPM–KLM |

### Exhibit B

IT IS HEREBY AGREED THAT:

1. I have read and am familiar with the *Agreed Protective Order* in Civil Action No. 1:08-cv-1288-RPM-KLM in the District of Colorado to which this document is attached as Exhibit B. I hereby agree to abide by all the terms of that Order and not to reveal or communicate any portion of any Highly Confidential Information or Attorneys' Eyes Only information to anyone except in accordance with the terms of the Order.

2. I also agree to be subject to the jurisdiction of the District of Colorado for purposes of any proceeding or action to enforce the Order.

3. I further agree that I will return to Mr. Greg Curry, counsel for the Non-Parties, not later than thirty days after the termination of this litigation, all copies of any such Highly Confidential Information or Attorneys' Eyes Only information that I have received pursuant to

the above-referenced Order, along with all extracts and summaries of the matters contained therein, including any copies I have distributed to experts or consultants.

DATED: this _____ day of _____, 2005.


SIGNED: _____.


For: _____.

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| MSD ENERGY, INC. AND STEPHEN SMITH, INC.<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD J. GOGNAT; TIMOTHY A. GOGNAT; ROY KNAPPE, JR.; AND GLOBAL GEODATA. LLC<br>Defendants. | CIVIL ACTION NO. 1:08–CV–1288–RPM–KLM |

## Exhibit C

**IT IS HEREBY AGREED THAT:**

1. I have read and am familiar with the *Agreed Protective Order* in Civil Action No. 1:08-cv-1288-RPM-KLM in the District of Colorado to which this document is attached as Exhibit C. I hereby agree to abide by all the terms of that Order and not to reveal or communicate any portion of any Confidential Information, Highly Confidential Information or Attorneys' Eyes Only information to anyone except in accordance with the terms of the Order

2. I also agree to be subject to the jurisdiction of the District of Colorado for purposes of any proceeding or action to enforce the Order.

3. I further agree that I will return to Mr. Greg Curry, counsel for the Non-Parties, not later than thirty days after the termination of this litigation, all copies of any such Confidential Information, Highly Confidential Information or Attorneys' Eyes Only information that I have received pursuant to the above-referenced Order, along with all extracts and

EXHIBIT C TO THE AGREED PROTECTIVE ORDER                    PAGE 1

summaries of the matters contained therein, including any copies I have distributed to experts or consultants.

    DATED: this _____ day of _____, 2005.

    SIGNED: _____.

    For: _____.

EXHIBIT C TO THE AGREED PROTECTIVE ORDER    PAGE 2